IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kathy D. Hane, ) | Civil Action No.: 4:12-cv-1530-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| BB&T Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Kathy D. Hane ("Plaintiff") filed this action against her former employer, BB&T Corporation ("Defendant") alleging that (1) BB&T discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., when it terminated her employment; and (2) that Plaintiff was subjected to a hostile work environment based on her age, also in violation of the ADEA. (ECF No. 1-1).

On April 19, 2013, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 28). Plaintiff filed a response in opposition on May 13, 2013, (ECF No. 32), and Defendant filed a reply on May 30, 2013. (ECF No. 36). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters and a Report and Recommendation. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted. (ECF No. 45). On December 30, 2013, Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 46). For the reasons set forth herein, this Court adopts the Report and Recommendation and grants Defendant's' Motion for Summary

Judgment.

## BACKGROUND AND PROCEDURAL HISTORY

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes them below in relevant part. Plaintiff filed this action in the Horry County Court of Common Pleas alleging age discrimination related to her employment as well as a claim for hostile work environment.. (ECF No. 1-1). Defendant removed the case to this Court on June 8, 2012, (ECF No. 1) pursuant to 28 U.S.C. § 1331 on the basis of federal question jurisdiction. On April 19, 2013, Defendant moved for summary judgment. (ECF No. 28). After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 32) and Defendant's reply (ECF No. 36), the Magistrate Judge issued a Report and Recommendation on December 22, 2013, recommending that Defendant's Motion for Summary Judgment be granted. (ECF No. 45).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005); *Camby v. Davis*, 718 F.2d 198, 200

(4th Cir.1983); *Orpiano v. Johnson*, 687 F.2d 44,47 (4th Cir.1982).  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b) (1).

## **DISCUSSION**

In this matter,  the Magistrate Judge found that Defendant was entitled to summary judgment on Plaintiff's age discrimination claim and hostile work environment claim.  In making this determination, the Magistrate Judge concluded that Plaintiff had presented neither direct nor circumstantial evidence to establish a *prima facie* case of age discrimination.  As explained by the Magistrate Judge, in order to establish a *prima facie* case of discrimination under the ADEA, a  plaintiff must allege  that (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly-situated employees outside the protected class received more favorable treatment.  *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 2895 (4th Cir. 2004).

The Magistrate Judge found that Plaintiff failed to adequately show the second element (satisfactory job performance) and the fourth element (similarly-situated employees outside of the class were treated more favorably).  (ECF No. 45 at 17).  In making the determination that Plaintiff had failed to present sufficient evidence of her satisfactory job performance, the Magistrate Judge considered all evidence in the record regarding Plaintiff's job performance including evidence such as unsatisfactory Personal Development Plans, a 90-Day Improvement Plan, and a written warning.   Next, the Magistrate Judge considered Plaintiff's evidence that similarly situated employees outside of her protected class received more favorable treatment regarding their job performance.

The Magistrate Judge observed that Plaintiff identified several employees of Defendant that Plaintiff contends were younger than her and were treated differently than she was as to performance but concluded that none of these individuals was a proper comparator. Further, the Magistrate Judge noted that Plaintiff admitted that she had no specific evidence regarding the performance of any of the employees that she had identified as similarly situated which is necessary to satisfy the fourth element of a *prima facie* case.

As to Plaintiff's claim of hostile work environment, the Magistrate Judge observed that Plaintiff asserts that she was subjected to a hostile work environment because of her age and because her supervisor, LuAnn Robinson ("Robinson"), asked her on two occasions if she planned to retire. Upon review, the Magistrate Judge concluded *inter alia* that the conduct that Plaintiff alleged was harassment was not sufficiently severe to create a hostile work environment. As such, the Magistrate found that Plaintiff had failed to present evidence sufficient to maintain a claim hostile work environment. (ECF No. 17 at 17).

Plaintiff filed timely objections to the Magistrate Judge's recommendation. (ECF No. 46). As previously set forth, this Court may only consider objections to the Report and Recommendation that direct the Court to a specific error.

Plaintiff first "objects" to the Court's dismissal of her claims. (ECF NO. 46. at 3). Plaintiff submits that she has presented sufficient facts that create genuine issues of material fact on her claims of age discrimination and hostile work environment. Plaintiff also contends that the Magistrate Judge "specifically ignored" facts regarding Plaintiff's performance. Here, Plaintiff attempts to counter the Magistrate Judge's analysis by

providing a restatement of Plaintiff's version of the facts, without identifying the facts that the Magistrate Judge allegedly "specifically ignored" and without explaining how the facts the Plaintiff presents are relevant to her objection or to her claims.  Contrary to Plaintiff's contention, the facts that Plaintiff emphasizes do not impact the dispositive portions of the Magistrate Judge's Report nor do they create genuine issues of material fact that would prevent the Court from granting Defendant summary judgment on Plaintiff's claims.

Next, Plaintiff "specifically objects to the Magistrate Judge's determination that Plaintiff has failed to meet the elements of a *prima facie* case".  (ECF No. 46 at 8).  However, Plaintiff does not explain how she has satisfied the elements necessary to set forth *a prima facie* case of age discrimination and fails to point out any error in the Magistrate Judge' analysis.   As such, this objection is not specific and does not warrant *de novo* review.

Although not labeled as "objections", Plaintiff sets forth several arguments regarding the Magistrate Judge's alleged failure to consider specific evidence or arguments about her job performance and concerning her comparators.  The Court considers Plaintiff's arguments as objections.  Upon *de novo* review, the Court finds these objections unsupported by the record.  Contrary to Plaintiff's assertion, the record reflects that the Magistrate Judge properly considered Plaintiff's arguments and evidence.  The Magistrate Judge then found that Plaintiff had failed to present evidence that a created genuine issue of fact regarding her job performance or concerning Plaintiff's comparators.

Finally, Plaintiff objects to the Magistrate Judge's dismissal of her claim for hostile work environment.  (ECF No. 46 at 10).  Plaintiff submits that the Magistrate Judge failed to consider the "overall environment that Plaintiff was subjected to by Robinson."

However, Plaintiff fails to direct the Court to what evidence in the record that the Magistrate Judge failed to consider.  The record reflects that the Magistrate Judge considered the evidence that Plaintiff presented on the issue of whether she was subjected to a hostile work environment, that being two alleged retirement comments from Robinson on two different occasions, and properly concluded that this evidence was not sufficiently severe to create a hostile work environment.  Upon *de novo* review, the Court concurs with the Magistrate Judge's analysis and conclusion on this issue.

## **CONCLUSION**

The court has carefully reviewed the objections made by Plaintiff and has conducted the required *de novo* review.  After considering the memoranda submitted, the record, the applicable law and the Report and Recommendation of the Magistrate Judge, this Court determines that the Magistrate Judge's recommended disposition of this matter is correct and the Report and Recommendation are adopted and incorporated herein by reference.

Therefore, it is ORDERED that Defendants' Motion for Summary Judgment (ECF No. 28) is granted, and this case is dismissed in its entirety.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
February 3, 2014